Abel Acosta - Clerk of court
Court of Criminal Appeals
P.O. Box 12308 Capital Station
Austin, Tex. 78711


DATE: November 5th, 2015

RE: WR - 44,719 - 02


Yes, enclosed is an applicants response to Attorney's
affidavit to be filed and incorporated with
pre-existing 11.07 application and memorandum of law in
support and applicants objections to the trial courts
Recommmendation to deny habeas relief.
Can you please file-stamp-date and set for submission with
the court in your usual fashion. Thank you


sincerely

Robert Story   #1432777


Robert Michael, Story  #1432777
Coffield Unit
2661 fm 2054
Tennessee Colony, Tex. 75884


RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 10 2015

Abel Acosta, Clerk

CAUSE NO F40659-A

| | § | |
|---|---|---|
| EX PARTE | § | IN THE 413TH DISTRICT |
| ROBERT MICHAEL STORY | § | COURT OF JOHNSON, |
| APPLICANT | § | COUNTY TEXAS |

### APPLICANT'S REPLY TO COUNSELS AFFIDAVIT IN THE
### RESPONSE TO HABEAS ALLEGATIONS
### (RETURNABLE TO THE COURT OF CRIMINAL APPEALS )

TO THE HONORABLE COURT:

NOW COMES, Robert Michael Story, Applicant, Pro-se, and will make his response to attorney Mason's affidavit in support of habeas allegations.

1. Applicant believes that counsel's mischaracterization of his six (6) habeas grounds for relief under one ground (failure to pursue an insanity defense) is unwanting and designed to prohibit and hinder redress on the particular issues of ineffective assistance of counsel addressed in the habeas application and memorandum. See (Att. AFF. P. 1 )

The substance of Applicant's habeas contention is based on an guilty plea that was made involuntarily based on Applicant's mental disorder both at the time of plea as well as during the commission of crime and through various incompetencies of trial counsel.

One of the most important duties of an attorney representing a criminal defendant is advising his client whether he should plead guilty. Competent counsel has a duty to render his best judgment to his client about what plea to enter, and that judgment should be informed by an adequate and independant investigate of the facts of case. When Counsel's representation is constitutionally ineffective

Under this standard, it renders any resulting Guilty Plea involuntary. See Ex Parte Ready 282 SW2d 492,500 (2009)

Upon the above contentions, Applicant has set forth that his trial counsel's representation fell below an objective standard of reasonableness by Counsel's failure to 1) present Insanity defense at time of offense (2) investigate mental health history and records for mitigation purposes for Guilt/innocence and Punishment Phase of trial (3) advising Applicant to Plead Guilty when facts existed to prove he didn't know right from wrong at time of offense (4) investigate witnesses and to Subpoena for trial (5) not examined by MHMR expert per request of Dr. Price for possible hospitalization due to mental illness and (6) failure to acquire mental health expert to assist Applicant through Plea bargain Process and his waiver of rights.

Do to these unresolved controverted issues, Applicant requests a more adequate evaluation of the facts, evidence and pertinent law applicable to the present case.

According to Counsel's affidavit he used court granted funds to seek independent mental health expert and he hired a Swen Helge who upon his 4 hour evaluation of Applicant that he was feigning mental illness. Counsel issued as Exhibit A the bill of the use of Government funds, but why didn't he submit the experts evaluation for the Courts review? All we have for evidence is Counsels conclusory statement that Dr Helge said ..... and then he charged 1000$ dollars for 4 hours, but NO evaluation Report.

Applicant wants to Note that before Counsel hired Helge, he did not

independently seek out Pre-existing records of Applicant's mental illness. Not even Dr. Helese considered these Pre-existing records before he gave his professional opinion that Applicant was lying about mental illness.

Counsel did not believe that Applicant had mental problems. Once he contacted a Dr. Thiruvengadam who advised counsel that Applicant apparently had been treated at their facility for schizoprenia disorder, Paranoia and anger - coupled with his understanding of legal insanity, concluded that there were no chances for an insanity defense at time of offense and focused on Presenting Dr. Thiruvengadam for mitigation evidence for Punishment only. See (Att. AFF. P.2).

It is clear by counsel's own affidavit that he did not adequately investigate the facts of the Case Pertaining to Applicants mental issue nor did counsel have a firm command of the law to adequately discharge his duties to his client. Counsel hadn't obtained Applicant's mental records outlining his mental illnesses and disorders before he used Government funds to falsly evaluated Applicant and only reluctantly discovered the truth of his client's mental illness.

The habeas recorded evidence affirmatively demonstrates and is very clear that Applicant suffered from depression, anger, bipolar and most of all schizoPrenic. Paranoia both at the time of the offense and at the time of giving his Plea. See (memorandum Exhibits 1-8, 12: Att. AFF. P.2 and APP. memor. P20).

Had counsel further investigated he would of learned that due to Applicant's chronic and significant mental Problems hindered him in his daily life and daily functioning. Applicant tends to be extremely withdrawn. Continually

31

fears that others are out to hurt him and he (sic) with poor insight into his emotional Problems. APPlicant's thoughts are dominated by a severly disturbing chronic mental illness (schizophrenia) and it is this disorder that has interfered with APPlicant's thought process for the majority of his life and his previous criminal acts were clearly committed while under the thought distorting effects of shizophrenia. Therefore all decisions APPlicant made while off his meds should indeed be viewed as the decisions of an irresPonsible, unreasonable and illogical man. See (memo. Exhibit 1,2), (3-8)

Reasonable Jurist's have concluded, on the issues of shizophrenia, that due to the nature of the disorder-one can go through lucid and comPetent intervals, as opposed to episodes of numbing and black-outs during which he cannot be exPected to exercise Judgment or Reasoning. They also conclude that the existence of even a severe Psychiatric defect is not always apparent to laymen and the episodes of diminished CaPacity not necessarily obvious by such. See Bruce V. Estelle 536 F.2d 1051,1059 (5th Cir 1976) (one need not be catatonic, raving or frothing, to be legally incomPetent. See also e.g. Lokos 625 F.2d 1258,1267 (5th Cir 1980).

Based on the fore going Counsel needed APPlicant's mental history records before spending Government funds to ascertain his clients mental caPacity and before he decided that shizophrenia mental disorder would not supPort an insanity defense at the time of offense. Counsel had a legal duty and obligation to explore all readily available sources of evidence that might benifit his client. If counsel investigated adequately and first obtained APPlicant's mental records he could have done an indePt investigation into the deeP seated mental

4.

problems of his client and failure to do so falls below an objective standard of reasonableness.

Professional norms dictates that due to the imprecise and imperfect nature of the science known as psychiatry makes a review of the past available psychiatric records an essential part of an evaluation of a defendant's competency at time of offense and for trial. See e.g. Randy Burum and Thomas Carlson, Establishing Standards for Criminal Forensic Reports: An Empirical Analysis, 24 Bull. Am. Acad. Psychiatric and L. 297 (1996) (Psychiatric history is an essential element in a competency evaluation); Daniel W. Shuman, Psychiatric and Psychological Evidence § 11.03 (2d ed. 2001)(Sources of information to consider include other psychiatrists or psychologists who have diagnosed or treated the defendant, the defendants family and friends etc.); Kirk Heilbrun et al, The use of 3-Party information in forensic Assessments: A Two State Comparison 23 Bull. Am. Acad. Psychiatry(health history)18 and L. 399 (1994) (the Persons mental health history is among the most important sources of 3-Party information in forensic assessments).

The potential significance to an insanity defense, of psychiatric records that pre-date the offense has been recognized on numerous occasions E.G U.S. v. Walker Supra, U.S v. Fessel 531 F.2d 1275, 1279-1280 (5th cir 1976) Such records could be significant in several ways. They might be directly admissible at trial to support an insanity defense with or without live psychiatric testimony. They could serve as helpful background information for psychiatric examining the applicant in connection with the offense and they might direct a defendants attorney to particular experts familiar with clients history who might be

able to assist actively in the defense of the present charge and use for mitigating evidence for lesser punishment, which none of the above areas by counsels affidavit, failed to pursue. The single fact that counsel made some effort does not defeat an ineffective assistance of counsel claim.

Although counsel did request applicant to be evaluated for competency to stand trial he failed to request for examination on whether applicant was insane at the time of the offense. The competency examination by Dr. Price are not substitute. Sanity at the time of the offense and competance to stand trial a two entirely different questions. Walker v. mitchell 587 F. supp. 1432; U.S. V. Walker e.g. Supra _____. Unlike a determination of competency to stand trial, which focuses on a limited aspect of the applicant's present mental condition, an inquiry into possible lack of criminal responsibility, at the time of the offense involves a complex evaluation of his total personality at the time of offense. It requires that the expert have a substantial opportunity to observe the defendant and his mental process. Id. See also Love v. U.S. 545 F. supp at 667-668.

Counsel had an opportunity to use the little evidence he procured to further investigate but failed to do so. Even Dr. Price who counsel requested to evaluate applicant inform him via the Doctor's report based on a reasonable degree of scientific and psychological certainty that "applicant was mentally ill and requested them to do a follow up evaluation to determine if applicant should be hospitalized. See C memo. Exhibit Dr report P. 5).

It is also shown by the record despite counsel's affirmation that he did contact the people Applicant wanted him to, yet he never subpoenaed them for Preparation of trial. Also Applicants memorandum Exhibits 1 and 2 confirm that allow counsel may have talked to them Nevertheless counsel's action were to keep them away from the courtroom. Even though they both were willing to testify on behalf of Applicant and his mental history, they were not talked to about testifying, nor where they subpoenaed by counsel.

Counsel is utilizing the Plea admonishments, Judicial confession and waiver of rights to Appeal to validate his representation. See C Att. Aff. p. 3). However a barrier to collateral attack, this is not an insurmountable barrier. The Court of Criminal Appeals in Ex Parte Tuley 109 S.W.3d 388 (2002) stated that "an innocent man will Plead Guilty for various reasons. Id. at 393. Also stating that "the Negative denial stems from the fear that the trial court will not accept the plea." & the Question is answered truthfully "concerning if any Promises were made for plea and or if Plea was coerced or that of counsel's representation.

Thus, an Applicant has the right to effective assistance in Plea Processes according to the 6th amendment. See Strickland V. Washington 466 U.S. 668, 686: 104 SCT 2052 2055 (1984). So, An Plea bargaining agreement, even one containing a waiver of the right to appeal made by an defendant without the assistance of effective counsel is an unfair agreement. See e.g. Blanco V. State 18 S.W.3d 218 (Tex.Crim.App. 2000).

The Proper standard for judging counsel's Performance is that of reasonably effective assistance considering all the circumstances Strickland 104 at 2055. The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the Proper functioning of the adversarial Process that the Proceedings cannot be relied on as Producing just results. Id at 2064.

The standard set forth in Strickland is an objective description of the competency demanded of attorney's. It is a flexible test, but counsel must Perform at least certain specifics, e.g... he must conduct appropriate factual and legal investigation to determine if certain defenses can be used. McQueen v Maryland 561 F. 2d 40, 542 (7th 1977); Strickland 104 at 2061. Counsel had an affirmative obligation to make further inquiry where the facts known and available, or within a minimum diligence accessible to counsel, into those facts which bring on reasonable doubt as to the Applicant's condition. Even the ABA Guidelines sets counsel's duty to investigate regardless of his clients desire to Plea. ABA Guidelines 4-4.1 duty to Investigate, And counsel also has a substantial and important role to Perform in raising mitigating factors to the Prosecution intitially and to the court at sentencing. Investigating is essential to fulfillments of these functions. See ABA Guidelines for Criminal Justice 4-4.1 commentary P.4-55.

while in most cases of ineffective assistance of counsel the record Generally does not contain sufficient facts to rebut the Presumption of sound trial strategy, the Present case contains an substantial amount of facts that counsel failed to set an adequate investigation and Prematurely abandon a meritous defense along with all avenues that would

8.

That defense, Applicant has shown beyond and by a preponderance of the evidence that his counsel deprived him of effective assistance and had Counsel raised and presented the issues mentioned before. Applicant would of went to trial, Kniat v state 206 sw2d 657,664 (Tx. Cr. App. 2006)

Respectfully submitted

~~MlCo~~ #1432777

## CERTIFICATE OF SERVICE

I Robert Michael Story do certify that a true copy of the foregoing has been delivered by Postal mail to the 413 District Court of Johnson County Tx via District clerks office P.O.Box 495 Cleburne Tx 76033 on the 5th day of November 2015

Signed ~~MlCo~~ #1432777

Robert Michael Story 1432777
2661 Fm 2054
Tennessee Colony Tx 75884